IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KEVIN J. GARDNER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00253-O-BP |
| § | |
| **PORTFOLIO RECOVERY** § | |
| **ASSOCIATES, LLC,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a suit for violation of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") that Kevin J. Gardner ("Gardner") brought *pro se* against Portfolio Recovery Associates, LLC ("PRA"). ECF No. 9. The case was referred to the undersigned under Special Order 3. ECF No. 3. Now pending are Gardner's First Motion for Summary Judgment filed on December 11, 2024 (ECF No. 28); PRA's Response and Objection and Brief in Support filed on December 23, 2024 (ECF Nos. 29, 30); Gardner's Response and Objection to PRA's Response filed on December 30, 2024 (ECF No. 31); PRA's Motion for Summary Judgment and Brief in Support filed on January 3, 2025 (ECF Nos. 32, 33); Gardner's Response and Objection filed on January 24, 2025 (ECF No. 38); and PRA's Reply filed on February 7, 2025 (ECF No. 39). After reviewing the Motions, additional pleadings, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge O'Connor **DENY** Gardner's MSJ (ECF No. 28), **GRANT** Defendant's MSJ (ECF No. 32), and **DISMISS** Gardner's claims.

I.  **BACKGROUND**

Gardner alleges that in November 2023 he discovered an unauthorized collection account listed by PRA on his TransUnion credit report. ECF No. 9. He states that the report inaccurately listed a debt originating from Capital One in the amount of $468.00. *Id*. He sent a letter to PRA disputing the report and requesting it to stop further reporting of the account. *Id*. Gardner received documents from PRA validating the debt and sent another dispute letter in December 2023. *Id*. PRA continued to report the debt, which Gardner alleges has "led to a detrimental impact on his credit scores," and "forced [him] to abandon efforts to purchase a home." *Id*.

Gardner filed suit in the Justice Court, Precinct Six, of Tarrant County, Texas. ECF No. 1-5. He originally claimed violations of the FDCPA and "defamation of character in regards to a[n] alleged debt" against PRA and sought $10,000.00 in damages. *Id.* Thereafter, PRA removed the case to this Court. ECF No. 1.

The Court ordered Gardner to file an amended complaint, which he did. ECF No. 6. Gardner then filed two additional complaints, both titled "Plaintiff's First Amended Complaint." ECF Nos. 8, 9. These documents appear to be the exact same, with the only difference being several attachments filed with the first of the amended complaints. *See* ECF No. 8 at 6-11. In the amended complaint, Gardner sued PRA for violating the FDCPA and FCRA. ECF No. 9. Specifically, he asserts that PRA violated FDCPA §§ 1692f and 1692d. *Id*. at 6. Gardner does not specify which FCRA provisions PRA allegedly violated.

Gardner moves for summary judgment because "there are no genuine disputes of material fact regarding PRA's violations of the FCRA." ECF No. 28 at 3. However, Gardner does not address his FDCPA claims in his motion. PRA responds that Gardner's MSJ "improperly raises a new claim (15 U.S.C. § 1681s-2(b)) and new factual allegations that were not in [his] Amended

Complaint." ECF No. 29 at 2. PRA further argues that even if the Court considers the new claim and allegations, Gardner "fails to show he is entitled to summary judgment on multiple elements that are required to establish his § 1681s-2(b) claim." *Id*. In his reply, Gardner argues that "the inclusion of specific statutory provisions under FCRA is a logical extension of [his] original claims," and that PRA "fails to meaningfully refute the undisputed facts showing its violations of both the FCRA and the [FDCPA]." ECF No. 31.

In its summary judgment motion, PRA argues that Gardner failed to plead a valid claim or state a claim supported by any evidence. ECF No. 32. PRA asserts that there are no genuine issues of material fact, and it is entitled to summary judgment as a matter of law. *Id*. In his response, Gardner argues that genuine disputes of material fact exist as to his claim under § 1681s-2(b), and that "PRA's actions caused [him] tangible harm, precluding summary judgment." ECF No. 38 at 2. Finally, in its reply, PRA reiterates that Gardner improperly asserted his claim surrounding § 1681s-2(b), and that Garner's claims under §§ 1692d and 1692f "are either not supported by the record, not supported by the law, or both." ECF No. 39.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 56

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc. Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant

3

bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court views summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, it resolves factual controversies in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id*.

In considering the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

for trial." *Anderson*, 477 U.S. at 242-43. The Court grants the motion only if the movant meets its burden and the nonmovant fails to make the requisite showing of a genuine issue of material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

### B.   *Pro se* parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### III.   ANALYSIS

### A.   Gardner's FCRA claim fails as a matter of law.

Gardner moves for summary judgment only as to the claim brought under FCRA § 1681s-2(b). ECF No. 28. Specifically, he alleges that PRA reported the Capital One debt to be $468.00 while Capital One showed the balance as $467.66. *Id*. at 4. PRA asserts that Gardner's Motion improperly asserts a new claim and factual allegations that he did not plead in his amended complaint. ECF No. 30. It further asserts that even if Gardner properly asserted this claim, he has

not shown the lack of a genuine issue of material fact that PRA had a duty to investigate his dispute under § 1681s-2(b) and that PRA failed to conduct a proper investigation. *Id.*

The Fifth Circuit has consistently held that plaintiffs cannot raise new claims at the summary judgment stage. *See U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012); *see also Fisher v. Metro. Life Ins. Co.,* 895 F.2d 1073, 1078 (5th Cir. 1990). This rule means that a defendant is entitled from the pleadings stage onward to "fair notice of what the claim is and the grounds upon which it rests." *De Franceschi v. BAC Home Loans Servicing, L. P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009)).

While Gardner's Third Amended Complaint did not specify which FCRA provision PRA allegedly violated, in his previous complaint he specifically asserted a claim under § 1681s-2. ECF No. 6 at 5. Consequently, PRA had fair notice of Gardner's claims, and the grounds upon which they rest. Further, because Gardner is proceeding *pro se*, the Court holds his pleadings to a less stringent standard. Thus, the undersigned addresses Gardner's claims under § 1681s-2.

To state a claim under FCRA § 1681s-2(b) against a furnisher of information to a credit reporting agency ("CRA"), Gardner must make "an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA as a prerequisite to recovery." *Spencer v. Specialized Loan Servicing*, No. 3:19-cv-1536-S, 2021 WL 4552548, at *7 (N.D. Tex. Sept. 1, 2021). "Plaintiff must show that the information provided by Defendant to [CRAs] was either 'patently incorrect,' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (discussing inaccurate information within the meaning of the FCRA)). If no evidence tends to prove that a furnisher of information "received notice of a dispute from a consumer reporting

agency within five days, as is required to trigger [the furnisher's] duties under Section 1681s-2(b) ... [plaintiff's] FCRA claims fail as a matter of law." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 640 (5th Cir. 2002). In *Young*, because plaintiff had "not pleaded nor proffered evidence that [the furnisher] received the notice pursuant to Section 1681i(a)(2) that would give rise to duties under Section 1681s-2(b)," the Fifth Circuit affirmed summary judgment in favor of the furnisher of information. *Id.*

Gardner's FCRA claims fail as a matter of law for this reason. Gardner alleges that PRA provided factually inaccurate information to a CRA by reporting a $467.66 debt as $468.00. ECF No. 28 at 4. However, Gardner offers no facts to show that he disputed such an inaccuracy with a CRA, which is a prerequisite to recovery under the act. *See Eustice v. JPMorgan Chase & Co.*, No. H-19-1489, 2019 WL 3067507, at *3 (S.D. Tex. July 12, 2019) ("a credit furnisher … would have a duty under § 1681s-2(b) only if [plaintiff] first disputed credit information with a [CRA] and that [CRA] then informed the credit furnisher of that dispute"). Instead, Gardner alleges that he sent two dispute letters to PRA, rather than filing a dispute with a CRA directly. ECF No. 9 at 2-3. Direct communications from a consumer do not trigger any obligation, as "there is no private cause of action for a furnisher's failure to investigate such a dispute under section 1681s-2(b)." *Robinson v. EMC Mortg. Corp.*, No. 3:10-cv-2140-L, 2013 WL 1245863, at *7 (N.D. Tex. Mar. 26, 2013). Thus, Gardner has failed to raise a genuine issue of material fact regarding his § 1681s-2(b) claim under the FCRA, and this claim fails as a matter of law.

    **B.**    **PRA is entitled to summary judgment on Gardner's FDCPA claim.**

To state a claim under the FDCPA, Gardner must assert that he has "been the object of collection activity arising from a consumer debt," "the defendant is a debt collector defined by the FDCPA," and "the defendant has engaged in an act or omission" that the FDCPA prohibits. *Bligen*

*v. Navient*, No. 3:20-cv-3070-G-BT, 2022 WL 379314, at *2 (N.D. Tex. Jan. 14, 2022), rec. adopted, No. 3:20-cv-03070-G-BT, 2022 WL 378199 (N.D. Tex. Feb. 8, 2022).

PRA seeks summary judgment on Gardner's § 1692d claim because its reporting did not constitute a violation of the FDCPA. ECF No. 33. PRA argues that Gardner did not specifically allege that PRA violated the FDCPA by any of the conduct listed in § 1692d, but rather "vaguely claims that PRA's 'parking' of the debt and its continued effort to collect after receiving a cease and desist letter violates § 1692d." *Id*. at 10. PRA further claims that it continued the collection effort as § 1692c allows. *Id*. Gardner responds that PRA violated §§ 1692d and 1692f by "reporting inaccurate and misleading information to [CRAs]," and by "[f]ailing to notify [Gardner] of his right to dispute the debt before reporting it." ECF No. 38 at 3. PRA replies with its previous arguments and asserts that neither §§ 1692d nor 1692f required it to notify Gardner of his right to dispute the debt before PRA reported it. ECF No. 39 at 9.

Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Most cases concerning violations of § 1692d involve a collection agency calling the debtor to collect a debt under § 1692d(5). *See* 15 U.S.C. § 1692d(5) ("[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.") However, § 1692d prohibits several other actions such as the use of threat or violence, the use of obscene or profane language, the publication of a list of consumers who allegedly refuse to pay debts except to a CRA, and advertisement for sale of a debt. 15 U.S.C. § 1692d(1)-(4). Gardner offered no evidence to show that PRA engaged in any of the actions that § 1692d prohibits in collection of a debt. The only evidence or assertion he made is that PRA continued to report the debt, which is not a prohibited act under § 1962d.

Thus, even after construing the evidence in a light most favorable to Gardner, there is no genuine issue of material fact showing that PRA violated § 1692d.

Additionally, § 1692f prohibits a debt collector from "us[ing] any unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "When deciding whether a debt collection letter violates § 1692e or § 1692f, the Court must view the correspondence from the perspective of an 'unsophisticated or least sophisticated consumer.'" *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)). However, Gardner offers no evidence of correspondence from PRA that violated the section. Instead, he merely asserts the same conduct as his previous claim, that PRA's "debt parking," or "reporting a debt without prior communication," constitutes an unfair practice under § 1692f. *See* ECF Nos. 9, 31 at 4. To maintain a claim for violation of § 1692f, a plaintiff must identify misconduct beyond that which he asserts violates other provisions of the FDCPA. *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666 (N.D. Tex. Nov. 24, 2010) (citations omitted). Gardner's filings offer no evidence or argument to show how PRA's conduct amounted to the use of unfair or unconscionable means of collecting a debt, and his § 1692f claim relies on the same conduct as his § 1692d claim. For this reason, Gardner's § 1692f claim fails as a matter of law, and PRA is entitled to summary judgment on this claim.

## IV.  CONCLUSION

Because there is no genuine issue of material fact on Gardner's claims, and PRA is entitled to summary judgment as a matter of law, the undersigned **RECOMMENDS** that Judge O'Connor, **DENY** Gardner's Motion for Summary Judgment (ECF No. 28), **GRANT** Defendant's MSJ (ECF No. 32), and **DISMISS** Gardner's claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on March 12, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE